IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN MCBRIDE,

        Petitioner,        OPINION AND ORDER

  v.

                    17-cv-583-wmc

WARDEN MARQUES,1

        Respondent.

---

Petitioner Marvin McBride seeks post-conviction relief pursuant to 28 U.S.C. § 2241.

He claims that his sentence included a "career offender" enhancement under U.S.S.G. § 4B1.1,

which applies under certain circumstances when a defendant has two prior felony convictions

for either a "crime of violence" or a "controlled substance offense." In his petition before this

court, McBride seeks relief on the basis that the career offender enhancement was improper in

light of the Supreme Court's decision in *United States v. Mathis*, 136 S. Ct. 2243 (2016). This

petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing

Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b),

Rules Governing Section 2254 Cases. Under Rule 4, the court must dismiss the petition if it

plainly appears that petitioner is not entitled to relief. Otherwise, the court must order

respondent to file an answer. Since it is plainly apparent that McBride is not entitled to relief,

his petition will be denied.

---

1 Since petitioner has been transferred to FCI-Sandstone, petitioner's motion to substitute the
respondent to the warden of that institution (dkt #6) is GRANTED, and the court has substituted
Warden Marques as respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; Fed.
R. Civ. P. 25(d).

BACKGROUND

On February 23, 2015, in the Western District of Virginia, McBride pleaded guilty to charges of possessing with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 841(b)(1)(C), and possessing with intent to distribute cocaine in violation of § 841(a)(1), 841(b)(1)(C). *United States v. McBride*, No. 1:13-cr-35-JPJ, dkts. ##586, 587 (W.D. Vir. Feb. 23, 2015). One of the terms of the plea agreement provided that if he complied with his obligations under the agreement, the government would not seek any sentencing enhancements based on any prior convictions for felony drug offenses. *Id.* (dkt. #586) at 3.

On July 16, 2015, McBride was sentenced, below the recommended guidelines range, to 144 months' imprisonment. *Id.*, Sent. Tr., dkt. #722, at 16-20. While the court's sentence included consideration the leadership role enhancement (U.S.S.G. § 3B1.1), as well as McBride's criminal history in its review of the U.S.S.G. § 3553 factors, the court did not explicitly mention that McBride's guidelines range included a career offender enhancement. However, McBride insists that he received the career offender enhancement based on two prior Michigan convictions: second-degree home invasion, in violation of Mich. Comp. Laws § 750.110(a)(3), and delivery of a controlled substance, in violation of Mich. Comp. Laws § 333.7401(2)(a).

In June of 2016, McBride filed a motion to vacate pursuant to 28 U.S.C. § 2255, challenging his career offender enhancement under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court of the United States held that the residual clause in the violent felony definition under the Armed Career Criminal Act ("ACCA") was

unconstitutionally vague. McBride challenged his enhancement on the basis that his Michigan home invasion conviction no longer constituted a crime of violence after *Johnson.* However, following the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), that *Johnson*'s vagueness analysis does not apply to § 4B1.2(a)(2) sentence enhancements, McBride withdrew his petition. *McBride*, No. 1:13-cr-JPJ, dkt. #780.

OPINION

In his petition before *this* court, McBride claims that he was sentenced as a career offender, and that the Supreme Court's decision in *Mathis*, 136 S. Ct. 2243, requires resentencing. In *Mathis*, the Supreme Court held that a prior conviction counts as a predicate crime under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), only "if its elements are the same as, or narrower than, those of the generic offense." *Id.* at 2248. McBride argues that the Michigan statutes defining his predicate offenses are broader than the generic offense.

McBride's challenge to his guidelines sentence is foreclosed by circuit precedent because he was not sentenced under the ACCA, but under the advisory Sentencing Guidelines. In *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013), the court of appeals reaffirmed its previous holding in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant's guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit"). The Seventh Circuit recently reaffirmed these holdings in *Hanson v. United States*, -- F.3d --, 2019 WL 5406665, at *3 (7th

Cir. Oct. 22, 2019), finding that *Hawkins* and *Coleman* foreclosed relief in a *Mathis* challenge brought under 28 U.S.C. § 2255, since the sentence was imposed based on advisory Guidelines, not mandatory Guidelines or statutory minimums. In this case, petitioner is challenging the sentencing court's application of the sentencing guidelines, but he was sentenced in 2015, well after the Supreme Court held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). Thus, *Hawkins* applies and petitioner cannot rely on *Mathis* or any other change in the law to challenge his status as a career offender in a post-conviction proceeding.

Although *Hawkins* involved a motion under 28 U.S.C. § 2255 rather than a petition under 28 U.S.C. § 2241, that is not a basis for distinguishing it. As noted above, the court of appeal's ruling is not limited to § 2255 motions, but applies to all "postconviction relief." Further, the court reasoned in *Hawkins* that a prisoner could not challenge a sentencing guideline error in a § 2255 motion because such an error was not a "miscarriage of justice" in light of the fact that the guidelines do not affect the statutory maximum, so the sentencing court would be entitled to impose the same sentence even if the case were remanded. *Hawkins*, 706 F.3d at 825. Because a petitioner seeking relief under § 2241 must also show that denying relief would result in a "miscarriage of justice," *e.g., Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), the reasoning in *Hawkins* applies equally to a § 2241 petition.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Since the Seventh Circuit's decision in *Hanson* removes any doubt as to whether petitioner is entitled to relief, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

(1) Petitioner Marvin McBride's motion to substitute (dkt. #6) is GRANTED.

(2) Petitioner's application under 28 U.S.C. § 2241 is DENIED and his petition is dismissed.

(3) A certificate of appealability will not issue.

Entered this 1st day of November, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge